IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:06-CV-1282-IPJ |
| ) | |
| AARON RENTS, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

Pending before the court is the summary judgment motion of defendant Aaron Rents, Inc., ("Aaron") (doc. 29). The motion was filed with a supporting brief and evidentiary materials (doc. 29). The plaintiff, John Phillips, filed a response in opposition to Aaron's motion for summary judgment (doc. 31) and evidentiary materials (doc. 33) to which Aaron filed a reply (doc. 35).

### Factual Background

Aaron is engaged in the business of manufacturing, selling, and renting furniture, appliances, and electronics. Benedit Decl. at ¶ 2. This case involves Phillips's termination from employment as a store credit manager of Aaron's Birmingham, Alabama Rent-to-Rent store. Phillips, a white male who was over forty years of age at the time of his termination, began working at Aaron on January 18, 1999. Phillips Dep. at 91; Compl. at ¶¶ 3, 21. Aaron hired Phillips to work as a sales associate, but he was later transferred to an hourly position as a store credit manager. Phillips Dep. at 91-92; Trammell Dep. at 19. At the time of his

1

termination, Aaron's stores were staffed by a store manager, an assistant manager, a sales manager, an outside sales representative, a credit manager, and one or more drivers and warehouse helpers. Benedit Decl. at ¶ 4. At the time of Phillips's termination, Jon Trammell, a white male, was thirty-eight years of age and he served as the store manager of the Birmingham store. *Id.* at ¶ 5. At the time of Phillips's termination, Sherri Poole, an African American female, served as the assistant manager of the Birmingham store. *Id.* As a store manager, Trammell reported to regional manager Ron Benedit who in turn reported to regional vice-president Phil Karl. *Id.* Trammell, Benedit, and Karl made the decision to terminate Phillips's employment with Aaron. Benedit Decl. at ¶ 5; Trammell Decl. at ¶ 5.

As the store credit manager, Phillips was responsible for verifying the information contained in rental applications and for approving or declining those applications based on his findings. Phillips Dep. at 93; Benedit Decl. at ¶ 8. He was also responsible for servicing customers who entered the store, answering customers' questions and, on some occasions, opening the store. Phillips Dep. at 93; Benedit Decl. at ¶ 8.

In April 2005 Karl made a scheduled visit to the Birmingham store, and he observed that Phillips's attire was in violation of the Aaron's dress code. Phillips Dep. at 128-130; Benedit Decl. at ¶ 14. As a result, Phillips received a verbal counseling. Phillips Dep. at 130; Benedit Decl. at ¶ 14.

On May 7, 2005, Devin Hartman, an Aaron's assistant manager, made an unannounced visit to the Birmingham Aaron's store, and he posed as a customer.

Benedit Decl. at ¶ 15. Hartman sent an email to Benedit on May 13, 2005, regarding his visit to the store. Benedit Decl. at ¶ 15, Ex. A. In the email, Hartman reported to Benedit the following information regarding his visit to the Birmingham store: he arrived at the Birmingham store at 9:00 a.m., the time the store was scheduled to open; the store was closed when he arrived, and no employees were present; Phillips arrived at the store at 9:30 a.m.; when Phillips opened the store, he did not provide Hartman with an explanation as to why he was late and he did not apologize to Hartman for opening the store late; Phillips told Hartman, "I have good intentions of being here at 9:00, but you know how that goes."; once he was inside the store, Phillips did not assist him, he sat at his desk, put his feet up on the desk, and began to read the newspaper; Phillips told Hartman that, if he needed help with anything, Hartman could ask or interrupt him from reading the newspaper. *Id*.

Benedit shared a redacted copy of Hartman's email with Trammell, and Trammell responded by calling Benedit to recommend that Phillips be terminated. Benedit Decl. at ¶¶ 16-17. When Trammell called Benedit, they also discussed Phillips's tardiness issues and dress code violations. *Id*. at ¶ 17. Prior to May 7, 2005, Trammell had spoken with Phillips about being late to work. Phillips Dep. at 124; Trammell Dep. at 40. After receiving approval from Karl, Benedit and Trammell agreed that Phillips should be terminated. Benedit Decl. at ¶ 17.

On May 23, 2005, Phillips reported to work after a previously scheduled vacation. Phillips Dep. at 138-139. Trammell confronted Phillips about his tardiness and his actions toward Hartman as described in the email, and Phillips did not deny

3

that Hartman had accurately described the events of May 7, 2005.  Phillips Dep. at 139-140; Trammell Decl. at ¶ 9.  Phillips was terminated, and Trammell told Hartman that he was being terminated for opening the store late and for his unprofessional behavior towards Hartman.  Phillips Dep. at 140-141, 145.

Phillips sued Aaron alleging race, age and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act.

## Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986).  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(e)). In meeting this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). That party must demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 587. A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. Am. Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

## Analysis

I.

### A. Race Discrimination

Title VII of the Civil Rights Act ("Title VII") prohibits an employer from discharging an individual because of the individual's race. 42 U.S.C. § 2000e-2(a)(1). Because there is no direct evidence of race discrimination in this case, Phillips Dep. at 151, Phillips has the initial burden of establishing a prima facie case of race discrimination. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-28 (11th Cir. 1997). To establish a prima facie case of race discrimination, the plaintiff must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. *Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006).

Aaron argues that Phillips cannot establish a prima facie case of race discrimination because he is unable to show that an Aaron's employee outside of his racial group was treated more favorably. Phillips points to Poole as the individual outside of his racial group that was treated more favorably. Thus, Phillips must show that he and Poole were "similarly situated in all relevant respects." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). "The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004). In addition, to determine whether employees are similarly situated, "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Holifield*, 115 F.3d at 1562.

Phillips testified that Poole was scheduled to work with him on May 7, 2005, and that she arrived at the store forty-five minutes after he arrived. Phillips Dep. at 135. Because Poole was not disciplined for arriving at the store at 10:15 a.m., Phillips asserts that she was treated more favorably. However, Phillips was an hourly employee with a set schedule, and he was required to be at the store during set hours. *Id.* at 113. Phillips was also responsible for opening the store on Saturdays. *Id.* at 93-94. In contrast, as an assistant manager, Poole was required to work a certain number of hours every week, but she did not have a set schedule. Benedit Decl. at ¶ 9. Poole was not required to be at the store precisely at 9:00 a.m. because she often had to work after the store had closed and because she would often have to stop by the warehouse before arriving at the store. *Id.* However, even if Poole had violated

6

Aaron's policies by arriving at the store at 10:30 a.m. on May 7, 2005, Phillips was not terminated solely based on his failure to open the store on time. Phillips was also terminated for acting inappropriately towards an Aaron's employee posing as a customer by providing inadequate customer service, and for violating the Aaron's dress code policy. There is no evidence to show that Poole acted inappropriately towards an Aaron's employee posing as an customer by providing inadequate customer service. In addition, unlike Phillips, Poole did not have history of tardiness or of dress code violations. *See Jones v. Bessemer Carraway Medical Ctr.*, 137 F.3d 1306, 1312-13 (11th Cir. 1998), *superceded in part on other grounds*, 15 F.3d 1321 (11th Cir. 1998) (holding that an employee that was frequently unprepared for work was not similarly situated to the plaintiff who "was terminated for being unprepared *and* insubordinate, in the light of an already deficient employment record."). The court finds that Phillips has failed to establish that he was similarly situated to Poole.

Because Phillips has failed to show that he was similarly situated to Poole, summary judgment is appropriate if there is no other evidence of discrimination. *Holifield*, 115 F.3d at 1562. Phillips points to remarks made by Poole as evidence of discrimination.[1] However, these statements do not demonstrate that Trammell,

---

[1] In his deposition, Phillips testified that Poole made three racial comments "within the last two years." Phillips Dep. at 170. First, Phillips alleges that Poole told him that "this business about approving somebody's application based on race is going to stop right now." *Id.* Phillips testified that Poole made this statement after he had suggested that they would "stay away" from doing rental purchases on big screen televisions when an African American customer came into the store looking to rent a big screen. *Id.* at 171. Second, Phillips testified that Poole asked him if "there were any blacks that went there" after Phillips told Poole where he was going on vacation. *Id.* at 172. Third, Phillips testified that after Trammell took his side in

Benedit, or Karl, the individuals that made the decision to terminate Phillips's employment, terminated Phillips on the basis of his race. *See Steger v. General Electric Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) (holding that statements by nondecisionmakers will not satisfy the employee's burden.)

The court finds that because Phillips has failed to meet his burden of establishing a prima facie case of race discrimination, summary judgment is due to be **GRANTED** in favor of the Aaron with respect to the race discrimination claim.

### B. Sex Discrimination

Title VII prohibits an employer from discharging an individual because of the individual's sex. 42 U.S.C. § 2000e-2(a)(1). Because there is no direct evidence of sex discrimination, Phillips Dep. at 150-151, Phillips has the initial burden of establishing a prima facie case of sex discrimination by showing that he is a member of a protected class, he was qualified for the position, he suffered an adverse employment action, and he was treated less favorably than a similarly situated female employee. *Maynard v. Board of Regents*, 342 F. 3d 1281, 1289 (11th Cir. 2003).

Aaron argues that Phillips has failed to establish that he was treated less favorably than a similarly situated female employee. Phillips argues that he was treated less favorably than two female employees, Poole and Dion Fox. As discussed earlier in this opinion, Phillips has failed to establish that he is similarly situated to Poole. Phillips argues that he is similarly situated to Fox because Fox was often

---

a disagreement that he was having with Poole, she stated, "You white boys can run the store. I'll just sit my black ass down." *Id.* at 168-169.

tardy, and Fox was treated more favorably because she was never disciplined or terminated for being tardy. Phillips Dep. at 161. However, with respect to Fox, the court also finds that she is not a valid comparator. As an outside sales representative, Fox's duties included traveling to clients' places of business. Phillips Dep. at 162-63; Benedit Decl. at ¶ 10. Therefore, Fox would frequently work outside of the Birmingham store location. Benedit Decl. at ¶ 10. Unlike Phillips, Fox did not have set hours that she was required to be physically present in the Birmingham store. *Id.* There is no evidence to show that Fox was ever responsible for opening the Birmingham store or that she was late in opening the Birmingham store. Further, there is no evidence to show that Fox ever failed to comply with the dress code or that she ever acted inappropriately towards customers. The court finds that, because Phillips has failed to meet his burden of establishing that he and Poole or Fox were similarly situated, summary judgment is due to be **GRANTED** in favor of Aaron with respect to the sex discrimination claim.

### C. Age Discrimination

The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to terminate an individual because of the individual's age. 29 U.S.C. § 623(a)(1). Because there is no direct evidence of age discrimination, Phillips Dep. at 151, Phillips must initially satisfy the four-part prima facie requirement: (1) he was a member of the protected group of persons between the ages of forty and seventy; (2) he was subject to adverse employment action; (3) a substantially younger person filled the position from which he was terminated; and (4) he was qualified to do the

9

job. *Damon v. Fleming Supermarkets*, 196 F.3d 1354, 1359 (11th Cir. 1999). Aaron argues that Phillips has failed to establish a prima facie case of age discrimination. Phillips asserts that he can prove the prima facie case with respect to his age claim because, after his discharge, he was replaced by John Yonkman, a thirty-four year old. Trammell Dep. at 20-21. Yonkman is an assistant manager that is currently performing some of the duties that were performed by Phillips prior to his termination.[2] *Id*. at 22-23, 25. However, Aaron did not hire anyone to replace Phillip as a store credit manager. *Id*. at 97. Yonkman was hired as an "assistant manager" rather than a "store credit manager." *Id*. at 22. In addition, Tom Whitby, an Aaron Regional Credit Manager, is also responsible for performing some of the duties that were performed by Phillips prior to his employment. *Id*. at 22-24. Therefore, the court finds that Phillips has failed to establish that a substantially younger person filled the position from which he was terminated given that his position as store credit manager was not filled after he was terminated.

The court finds that the Phillips has failed to establish a prima facie case of age discrimination. Therefore, the court finds that summary judgment should be **GRANTED** in favor of Aaron with respect to the age discrimination claim.

### D. Retaliation

---

[2] In 2004 Aaron decided to eliminate the "store credit manager" position company-wide. Benedit Decl. at ¶ 11. As part of the job title elimination, existing store credit managers were permitted to keep their jobs. *Id.* If an existing store credit manager left his or her job, the position would not be filled. *Id.* Rather, the store credit manager's responsibilities would be divided up among other positions. Trammell Dep. at 25.

Title VII makes it unlawful for an employer to discriminate against an employee in retaliation for opposing a practice made an unlawful employment practice under Title VII. 42 U.S.C. § 2000e-3(a). Because there is no direct evidence of retaliation, Phillips Dep. at 187, Phillips must establish a prima facie case of retaliation by showing that (1) he participated in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the participation in the protected activity and the adverse employment decision. *Gupta v. Florida Board of Regents*, 212 F.3d 571, 587 (11th Cir. 2000).

Phillips claims that he engaged in protected activity when he complained about Poole's racially inappropriate remarks. Aaron argues that Phillips has failed to establish a causal connection between his complaints about Poole's remarks and his termination. Phillips complained to Benedit in December 2003 or January 2004 about Poole's racial remarks. Phillips Dep. at 177-179. Phillips also complained to Peter Sarris, an Aaron corporate trainer, about Poole's remarks in March or April of 2005. Phillips Dep. at 180-182. Phillips argues that, because approximately one month passed from the date he complained to Sarris to the date he was fired, the close temporal relationship from the date of his complaint to the date of his termination provides sufficient evidence of causation to establish a prima facie case. However, there is no evidence to demonstrate that the decision makers--Trammell, Benedit, or Karl--knew about the complaints Phillips made to Sarris. Because there is no evidence that the decision makers knew about Phillips's complaints to Sarris, the close temporal relationship between those complaints and his termination is

11

insufficient to establish the causal connection necessary to establish a prima facie case of retaliation. *See Gupta*, 212 F.3d at 590 ("To establish a causal connection, a plaintiff must show that the 'the decision-maker[s] [were] aware of the protected conduct[.]'") (quoting *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999)).

## II. Pretext Under Title VII

Even if Phillips were able to establish a prima facie case of race, sex, or age discrimination or of retailiation, Aaron has proffered legitimate, non-discriminatory reasons for its decision to terminate Phillips's employment. *Damon v. Fleming Supermarkets*, 196 F.3d 1354, 1361 (11th Cir. 1999) ("Once a prima facie case is established, a defendant must proffer legitimate, nondiscriminatory reasons for its employment decision."). Specifically, Aaron has asserted that Phillips's employment was terminated because of tardiness, opening the store late, dress code violations, and inappropriate conduct toward an employee posing as a customer. Phillips bears the burden of proving that these reasons are pretextual. *Id.* Phillips argues that the "most compelling" evidence of pretext is that Aaron has given three different explanations regarding the reasons for Phillips's discharge.[3] However, Aaron's subsequent

---

[3]On the day he was fired, Phillips was told that his employment was being terminated because he was late in opening the store and because of his inadequate customer service as described by Hartman, the Aaron's employee that was posing as a customer. Phillips Dep. at 140-141. In a personnel action form completed by Trammell, the reason given for Phillips's termination was that he opened the store thirty minutes late without notifying a manager and that he violated the dress code on the day of Karl's visit. Pl.'s Ex. 3. When Phillips filed for unemployment benefits after his termination, Aaron opposed his application and noted that the final incident that caused the discharge was "[w]illful failure to perform job[;] did not open store

additions to the reasons why he was terminated does not raise a reasonable inference that he was terminated for a discriminatory reason or in retaliation of protected conduct. Phillips admits that he was late opening the store on May 7, 2005, and Phillips does not deny that he acted inappropriately towards an Aaron's employee posing as a customer. Further, Phillips admits that he violated the dress code on the day that Karl visited the store. Phillips Dep. at 228-29. Phillips has not presented any evidence to demonstrate that the decision makers--Trammell, Benedit, or Karl--had any discriminatory animus towards Phillips because of his race, sex, or age. For example, there is no evidence that the decision makers made statements or comments regarding Phillips's sex, age or race. Further, there is no evidence that the decision makers were motivated by the complaints Phillips made to Sarris given that there is no evidence to demonstrate that the decision makers were even aware that Phillips had made these complaints.

The court finds that, even if Phillips has established a prima facie case of sex, age, or race discrimination or of retaliation, Aaron has provided evidence of legitimate, non-discriminatory reasons for its decision to terminate Phillips, and Phillips has failed to present any evidence to demonstrate that the proffered reasons were pretextual. Therefore, the court finds that summary judgment is due to be

---

on time" and that the reason for separation was that Phillips "did not open store until 9:30" and that he "[w]as supposed to open [at] 9:00[;] did not let anyone know he was running late." Pl.'s Ex. 7. After filing an EEOC charge, Aaron responded to the charge by stating that Phillips was discharged as a result of being tardy 63 times after January 2004, for his failure to comply with the dress code on the day Karl visited the store, for arriving late to the store on May 7, 2005, and for his inappropriate behavior towards Hartman. Pl.'s Ex. 2.

**GRANTED** in favor of the Aaron with respect to all of Phillips's claims, which shall be done by separate order.

**DONE** and **ORDERED** this the 20th day of March 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE